UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A.J. GONSALVES,<br><br>    Plaintiff,<br><br>  v.<br><br>INFOSYS TECHNOLOGIES, LTD.,<br><br>    Defendant.<br>_____/ | No. C 09-04112 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant's Motion to Dismiss and Transfer** |

    Frank A.J. Gonsalves ("plaintiff" or "Gonsalves") brought this action against defendant Infosys Technologies, Ltd. ("defendant" or "Infosys"), Gonsalves' former employer. In his amended complaint, filed September 11, 2009, Gonsalves included causes of action for age and religious discrimination under the California Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*, breach of contract, and retaliation in violation of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7201 *et seq.* Docket No. 4 (Am. Compl.). On January 6, 2010, this court dismissed, without prejudice, six of the seven causes of action pleaded in plaintiff's amended complaint, including all of the discrimination claims arising under FEHA and the breach of contract claim. *See* Docket No. 42 (Order). On January 25, 2010, plaintiff filed his second amended complaint, which added causes of action for age and religious discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Ohio Revised Code section 4112 *et seq.* Docket No. 44 (Second Am. Compl. (SAC)). Now before the court is Infosys' motion to dismiss the

1  FEHA and breach of contract causes of action in the second amended complaint, and, or in the
2  alternative, to transfer the action to the Northern District of Ohio.  Having considered the parties'
3  submissions and arguments and for the reasons set forth below, the court enters the following
4  memorandum and order.

BACKGROUND

In the court's previous Order, plaintiff's allegations were described in great detail.  For the sake of brevity, the court does not repeat these allegations here, but rather incorporates them by reference into the following discussion.

Gonsalves is a former employee of Infosys, an information services and consulting company founded and headquartered in India.  SAC ¶¶ 1 & 4.  Gonsalves' employment compensation included vesting stock options.  *Id.*, Exhs. A-C & E.  At the zenith of his career with Infosys, Gonsalves was promoted to a high level executive position, which required him to report directly to the Infosys Board of Directors in India.  *Id.* ¶ 118.  Shortly after Gonsalves turned age fifty in December 2006, Infosys demoted him from a tier-1 employee, Infosys' highest employment level, to a tier-2 employee and took away many of his leadership responsibilities.  *Id.* ¶ 121.  Gonsalves complained to his supervisors that he believed he was being discriminated against because of his age.  *Id.* ¶ 129.  Gonsalves alleges that his superiors retaliated against him by sabotaging his performance, undermining his authority and hampering his access to critical data.  *Id.* ¶¶ 134-41.  In September or October 2008, Gonsalves notified his supervisors of company actions that he believed to be a fraud upon shareholders.  *Id.* ¶¶ 145-46.  Gonsalves was terminated in December 2008.  *Id.* ¶ 114.

Infosys has multiple offices in the United States, including in Fremont, California.  *Id.* ¶ 4.  During his employment with Infosys, Gonsalves lived in Ohio and Florida; he never lived in or was a resident of California during the relevant period.  *Id.* ¶¶ 104-05.

Plaintiff initially filed this action against Infosys in California state court.  After removal to this court, plaintiff filed his amended complaint which, as discussed above, alleged causes of action

2

for age and religious discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code section 12940 *et seq*.; wrongful termination in violation of California public policy; breach of contract; and a federal retaliation claim under the Sarbanes-Oxley Act of 2002, 15 U.S.C. section 7201 *et seq*. Upon defendant's motion to dismiss, all California state law claims were dismissed without prejudice. All FEHA related claims were dismissed because Gonsalves failed to allege a nexus to California sufficient to justify applying FEHA to his claims. The amended complaint made clear that Gonsalves was not a resident of California and also lacked any allegations regarding "(1) who was responsible for demoting and firing Gonsalves, (2) where those individuals were located when they engaged in such conduct or (3) where Gonsalves was located when he was allegedly discriminated against." Order at 8. This court further noted that plaintiff's allegations that he performed some employment services in California, that Infosys had its American headquarters in California, and that some of the documents relevant to this action may be located in California were not sufficient to bring Gonsalves' alleged injuries within FEHA's ambit. *Id.* The court also dismissed the breach of contract claims because the amended complaint failed to allege what "employment contract" was breached and failed to allege that any of Gonsalves' stock options had actually vested, such that the "options agreement" could have been breached. *Id.* at 8-10.

On January 26, 2010, plaintiff filed a second amended complaint, seeking to remedy deficiencies in the amended complaint. This second amended complaint revives most of the claims previously dismissed and adds several new claims and allegations. The second amended complaint pleads the following causes of action:

(1) age discrimination in violation of FEHA, Title VII, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. section 621, *et seq.*, and Ohio Revised Code section 4112, *et seq.*;

(2) religious discrimination in violation of FEHA, Title VII, the ADEA, and Ohio state law;

(3) retaliation in violation of FEHA, Title VII, the ADEA and Ohio state law;

(4) failure to prevent discrimination in violation of FEHA;

(5) wrongful termination in violation of California public policy;

3

(6) breach of a stock options contract[1]; and

(7) retaliation for reporting fraudulent securities practices in violation of the Sarbanes-Oxley Act

Plaintiff has also added several new allegations, primarily related to his and Infosys' contacts with California. He alleges that his employment at Infosys involved global responsibilities for sales to automotive and aerospace companies, some of which were located in California, but none of which were located in Ohio. *Id.* ¶¶ 27-28. He also avers that he had several large clients in California, including Toyota, Honda, Hyundai, and Boeing, *id.* ¶ 33, and that his job duties required him to visit some of his California clients on a regular basis, *id.* ¶¶ 31-34.

Plaintiff alleges the personnel in the Fremont office implemented and ratified discriminatory policies created by Infosys' Board of Directors. *Id.* ¶ 42. He claims that personnel located in Fremont, California, implemented and ratified the decisions to demote, terminate and refuse to rehire him. *Id.* ¶ 43.

Plaintiff alleges that Gaurav Rastogi, Infosys' Vice-President for Global Sales Effectiveness, monitored and evaluated Gonsalves' performance from the Fremont office. *Id.* ¶¶ 77-79. Gonsalves avers that Basab Pradhan, Infosys' Worldwide Head of Sales, regularly evaluated Gonsalves from the Fremont office, and that Pradhan was responsible for reviewing and approving hiring decisions in Gonsalves' unit. *Id.* ¶ 80. According to the complaint, Gonsalves reported directly to the Board of Directors in India and to an immediate supervisor in London. *Id.* ¶ 110.

Plaintiff alleges the documents and administrative communications regarding the terms and conditions of his employment were centralized in the Fremont office. *Id.* ¶¶ 60-75.

Finally, plaintiff alleges that his offer of employment included a mandatory arbitration clause requiring employees to arbitrate employment claims in Alameda County. *Id.* ¶¶ 89-90.

## LEGAL STANDARD

### I.   Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A

4

motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

II. <u>Motion to Transfer</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

District courts use a two-step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the would-be

5

transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498. Among the non-exclusive factors that a district court may consider in deciding whether a transfer is in the interest of justice are: the location where any relevant agreements were negotiated and executed; the state that is most familiar with the governing law; the plaintiff's choice of forum; the respective parties' contacts with the forum; the contacts relating to the plaintiff's cause of action in the chosen forum; the differences in the costs of litigation in the two forums; the availability of compulsory process to compel attendance of unwilling non-party witnesses; the ease of access to sources of proof; any forum selection clause; and relevant public policy of the forum state. *Id.* at 498-99 (citing *Stewart*, 487 U.S. at 29-31).

DISCUSSION

I.   Motion to Dismiss

Before addressing the substance of the parties' arguments on the motion to dismiss, the court must, as a preliminary matter, dispense with the supporting declarations submitted by both parties. Gonsalves and Infosys are each represented by sophisticated counsel, who are undoubtedly familiar with the legal standard for a motion to dismiss. Although the Supreme Court's recent decisions in *Twombly* and *Iqbal* altered the manner in which courts resolve motions to dismiss under Rule 12(b)(6), those opinions did not modify the foundational tenet of 12(b)(6) review, a principle taught in every single civil procedure class at every law school in the country: Review of a motion to dismiss under Rule 12(b)(6) "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [the court] may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir.2008)). Both parties in this case, but defendant in particular, have decided to ignore this maxim entirely. Defendant submitted five declarations in conjunction with its motion to dismiss, that all speak directly to the merits, in a transparent attempt to dispute or refute factual allegations made by plaintiff in his complaint. In response, plaintiff submitted his own declaration. The court cannot and will not consider any of these declarations to

6

the extent they address whether plaintiff's complaint states a claim for relief. They are legally irrelevant, and serve only to distract the parties from aiding the court in answering the question presented by defendant's motion: should plaintiff's claims under FEHA and for breach of contract be dismissed pursuant to Rule 12(b)(6)?

Moving on to the substance of the motion to dismiss, defendant has essentially recycled the same arguments for dismissal it presented in its first motion to dismiss. Defendant asserts (1) that the nexus between the alleged discrimination suffered by plaintiff and the state of California is too slight and remote to support any of Gonsalves' FEHA claims, and (2) that plaintiff fails to plead the necessary elements for a breach of contract. The court addresses each argument separately.

1.   FEHA

In its prior order dismissing plaintiff's FEHA claims, the court relied upon *Campbell v. Arco Marine*, 42 Cal. App. 4th 1850 (1996). Specifically, the court focused on *Campbell*'s holding that FEHA "should not be construed to apply to nonresidents employed outside of [California] when the tortious conduct did not occur in California." *Id.* at 1861. Because plaintiff alleged in his first amended complaint that he was a resident of Ohio, in order for his claims to fall within FEHA's reach, he was required to plead at a minimum that he was either employed in California or that the discriminatory conduct occurred in California. He did not do so. As the court noted, "his amended complaint contain[ed] no information regarding (1) who was responsible for demoting and firing Gonsalves, (2) where those individuals were located when they engaged in such conduct or (3) where Gonsalves was located when he was allegedly discriminated against." Order at 8. Further, the court held that simply because "Gonsalves performed some employment services in California . . . [was] not sufficient to bring Gonsalves' alleged injuries within . . . FEHA's ambit." Order at 8.

In his second amended complaint, Gonsalves has attempted to include allegations from which the court could infer that he was employed in California and that the discriminatory conduct at issue took place in California. Again, however, his allegations fail to state a claim for relief under FEHA. To begin with, plaintiff has not alleged sufficient facts to show that he was employed in

7

California.  To be certain, the second amended complaint includes numerous allegations that, viewed in the light most favorable to plaintiff, indicate that plaintiff performed some work in California. *See* SAC ¶¶ 29 ("As part of his Infosys duties, Mr. Gonsalves worked in California."); *id.* ¶ 30-31, 33-34 (alleging that Gonsalves had clients (Toyota, Honda, Hyundai and Boeing) in California and visited California on business).  Noticeably absent from the complaint is any allegation or combination of allegations that could support a conclusion that Gonsalves was "employed" in California.  Plaintiff has cited no legal precedent to justify extending FEHA's jurisdictional reach to individuals who make business trips to and manage clients in California.  To interpret FEHA as covering all employees who perform some job duties or manage some clients in California, even when no connection exists between the California activities and the discrimination at issue, would clearly implicate the federal constitutional concerns that animated *Campbell*'s limitations on FEHA's extraterritorial reach.  *Campbell*, 42 Cal. App. 4th at 1858-59 (holding that FEHA would impermissibly violate the Commerce, the Full Faith and Credit and the Due Process Clauses of the Constitution if it were interpreted to protect non-residents injured outside of the state).  Accordingly, plaintiff has not rescued his FEHA claims with allegations of employment in California.

Although it is a somewhat closer issue, plaintiff has also failed to allege facts from which the court could conclude that Infosys discriminated against him in California.  In this respect, the thrust of plaintiff's complaint is that Infosys personnel in California, including Infosys executives, attorneys and human resources employees, instituted, approved, ratified, affirmed and/or implemented the discriminatory policies that were expressed by Infosys' chairman and that ultimately led to plaintiff's injuries.  *See* SAC ¶¶ 41-47.  These allegations are extremely general in nature.  *See, e.g.*, *id.* ¶ 41 ("From at least 2002 through 2008, Infosys by and through its executives, personnel and consultants in California instituted, ratified and affirmed unlawful, discriminatory, and retaliatory corporate policies."); *id.* ¶ 43 ("From California, Infosys personnel and consultants supported, participated in, and ratified Infosys' illegally discriminatory and retaliatory decision to demote, terminate, and refuse to rehire Mr. Gonsalves.").  In a similar case, Judge Fogel of this court held that "[i]f California-based employees participated in or ratified the alleged tortious conduct, the

1 complaint must so state with specificity so that the Court can determine if these actions are sufficient
2 to state a claim under FEHA." *Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988, 2007 WL 420191, at
3 *3 (N.D. Cal. Feb. 5, 2007) (Fogel, J.) (dismissing FEHA claims of a non-resident claiming extra-
4 territorial conduct was ratified by California supervisors). Since Gonsalves' complaint only alleges
5 participation by California-based Infosys employees at the most general level, his complaint is
6 insufficient in this respect.

7 In addition, Gonsalves still omits all of the information the court, in its prior order, deemed
8 critical to adjudicating his FEHA claims: "(1) who was responsible for demoting and firing
9 Gonsalves, (2) where those individuals were located when they engaged in such conduct [and] (3)
10 where Gonsalves was located when he was allegedly discriminated against." Order at 8. Such
11 information is necessary to determine if the alleged discrimination suffered by Gonsalves had a
12 nexus with California. The closest plaintiff comes to making a specific connection between Infosys,
13 California and the alleged discrimination is by alleging that Pradhan, an employee from the Fremont
14 office, was responsible for reviewing and approving new hires in plaintiff's unit. SAC ¶ 80.
15 However, plaintiff does not mention whether or not Pradhan had any influence over or played any
16 role in plaintiff's demotion or termination. It is not clear from plaintiff's allegations if the personnel
17 in Fremont who monitored and evaluated his sales effectiveness had any power to supervise or
18 influence the terms of his employment. Plaintiff does not allege that Rastogi, Pradhan or anyone
19 else in the Fremont office had such influence or authority requisite to ratification. He merely makes
20 a formulaic, conclusory, blanket recitation of "ratification." Plaintiff, as a non-resident, may not
21 pursue claims under FEHA without averring a factual nexus between Infosys' California-based
22 activities and the alleged discriminatory conduct. Accordingly, plaintiff's claims under FEHA are
23 dismissed without leave to amend. The court has provided Gonsalves with ample guidance and
24 opportunity to submit a satisfactory complaint. His failure to do so, even though most of the
25 omitted-but-necessary facts were within his possession, counsels in favor of dismissal without leave
26 to amend.

9

1    For the same reasons, plaintiff has not provided a sufficient connection to California law
2 such that there is a cognizable public policy interest in claims based on out-of-state conduct.
3 Therefore, plaintiff's fifth cause of action for wrongful termination in violation of California public
4 policy is also dismissed without leave to amend.

5    2.    Breach of Contract

6    Plaintiff further alleges that Infosys breached its contract with Gonsalves by not allowing
7 him to exercise options. In the court's previous Order, the claim for breach of the options contract
8 was dismissed because Gonsalves failed to allege that he was owed any options that had actually
9 vested. Order at 10. In the second amended complaint, plaintiff has not mended this deficiency.
10 However, at the hearing on this motion, counsel for Infosys admitted, "I'm sure . . . during his
11 employment some of his options vested. I can't tell you how many or when they vested . . . ."
12 Docket No. 62 (April 5, 2010 Hearing Transcript). The court treats this admission as curing the
13 shortcoming in plaintiff's second amended complaint, which now adequately pleads that an options
14 contract existed, that, once options vested, the contract required Infosys "to make available to Mr.
15 Gonsalves the process to exercise such stock options at the time of his choosing," that options did
16 vest, and that Infosys failed to make that process for exercising options available to plaintiff. SAC ¶¶
17 193-98. Accordingly, Infosys' motion to dismiss the sixth cause of action for breach of the options
18 contract is DENIED.

19 II.   Motion to Transfer

20    Having determined that plaintiff's FEHA causes of action are dismissed, the court must now
21 determine whether to transfer this action to the Northern District of Ohio, as defendant requests.
22 Five causes of action remain in the case: Count 1 for age discrimination in violation of Title VII, the
23 ADEA and Ohio Revised Code section 4112, *et seq.*; Count II for religious discrimination in
24 violation of Title VII, the ADEA and Ohio state law; Count III for retaliation in violation of Title
25 VII, the ADEA and Ohio state law; Count VI for breach of contract, and Count VII for retaliation for
26 reporting fraudulent securities practices in violation of the Sarbanes-Oxley Act. Defendant moves to
27 transfer these claims to the Northern District of Ohio, claiming that venue is improper in this court

10

and that, even if venue is proper here, that the court should exercise its discretion to transfer the case to Ohio for the convenience of the parties and in the interests of justice, pursuant to 28 U.S.C. section 1404(a). Plaintiff, unsurprisingly, argues that venue is proper in this district, and that the court should not exercise its discretion to transfer the case to Ohio.

Pursuant to the Alien Venue Act, 28 U.S.C. § 1391(d), which provides that "[a]n alien may be sued in any district," venue is proper in the Northern District of California. Section 1391(d) "is properly regarded . . . as a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972). Infosys, as an alien corporation doing business in the state is subject to venue here. *See* 28 U.S.C. § 1391(d). Under the same statute, venue is also proper in the Northern District of Ohio. As venue is proper in both judicial districts, the court has discretion, under 28 U.S.C. section 1404(a), to decide which venue would be most convenient for the parties and witnesses, and which venue would be proper in the interest of fairness and justice.

It would be equally convenient for the parties to litigate here in the Northern District of California as it would be in the Northern District of Ohio. In its motion, defendant mostly focuses on the inconvenience to plaintiff if this action remains in California. Defendant conveniently ignores, however, that plaintiff elected to sue in California. Accordingly, plaintiff's inconvenience is a non-factor in determining whether to transfer this action. As for defendant, ironically, Infosys, an outsourcing business credited with inspiring the term "flat world," argues that it would be most convenient to litigate in Ohio because the documents and evidence are located there.[2] However, Infosys has also taken the position that venue would not be proper in California because the documents plaintiff sent here were scanned into an electronic database and no longer physically exist in California. Mot. at 21. Given that many (if not all) of the relevant documents exist in an electronic database, Infosys cannot suggest that it would be inconvenient to litigate in California based on the location of documentary evidence. Defendant has also obtained competent local counsel here in California which would make it convenient for them to litigate in this forum.

11

Though the parties have not conducted discovery or named their witnesses, it is likely that California is a more convenient location for the witnesses who will be called in this action. Plaintiff contends that the majority of the witnesses he intends to call are executives who presently reside in California or reside in India and regularly travel to California. Docket No. 22 (Gonsalves Dec.) ¶ 46. Defendant concedes that the bulk of the witnesses they would need to call are likely located outside the United States in India and Great Britain. Reply at 13. They also speculate that some witnesses may be located in Ohio and Texas. Based on these allegations, it appears that most of the witnesses will be required to travel regardless of whether venue is in California or Ohio. The Northern District of California will be convenient for plaintiff's witnesses and slightly more convenient for the bulk of witnesses who will be traveling from India or London to San Francisco, a major international hub.

The interests of fairness and justice also favor setting venue here in California. Defendant requires that its employees enter into a mandatory arbitration clause that could be used to compel Gonsalves to arbitrate his employment claims in this very district. Defendant cannot now argue that it would be inconvenient to litigate in the forum in which they have expressly reserved the right to arbitrate. In addition, as California law would govern the validity of this arbitration clause, a California court is better suited to preside over this action.

Accordingly, because the convenience of the parties and the witnesses as well as the interests of justice favor permitting this action to continue in this district, defendant's motion to transfer this action to the Northern District of Ohio is DENIED.

/////

/////

/////

CONCLUSION

For the foregoing reasons, defendant Infosys' motion to dismiss plaintiff Gonsalves' FEHA claims in the first, second, third and fourth causes of action is GRANTED. Defendants' motion to dismiss the fifth cause of action, for termination in violation of public policy, is GRANTED. These claims are dismissed without leave to amend. Defendant's motion to dismiss plaintiff's breach of contract claim, the sixth cause of action, is DENIED. Defendant's motion to transfer this action to the Northern District of Ohio is DENIED.

IT IS SO ORDERED.

Dated: May 5, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1.  In the second amended complaint, Gonsalves did not include any allegations that Infosys breached the terms of his employment contract.

2.  Referring to the book, *The World is Flat* (1995), by Thomas L. Friedman who attributes the title to Nandan Nilekani, co-founder of Infosys.  *See* Thomas L. Friedman, *It's a Flat World, After All*, N.Y.Times (Magazine), April3,2005, *available at* http://www.nytimes.com/2005/04/03/magazine/03DOMINANCE.html.