UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A.J. GONSALVES<br><br>        Plaintiff,<br><br>  v.<br><br>INFOSYS TECHNOLOGIES, LTD.,<br><br>        Defendant, | No. C 3:09-04112<br><br>**MEMORANDUM & ORDER**<br><br>**Re:   Defendant's Motion to Compel Arbitration** |

Frank A.J. Gonsalves ("plaintiff" or "Gonsalves") brought this action against defendant Infosys Technologies, Ltd. ("defendant" or "Infosys"), Gonsalves' former employer, alleging age and religious discrimination under Title VII, the Age Discrimination in Employment Act, the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code section 12940 *et seq.*, and Ohio law, breach of contract, and retaliation in violation of the Sarbanes-Oxley Act of 2002, 15 U.S.C. section 7201 *et seq.* Now before the court is defendant's motion to compel arbitration. Having considered both parties' submissions and arguments, and for the reasons discussed below, the court enters into the following memorandum and order.

BACKGROUND[1]

Gonsalves was previously employed by Infosys, an information services and consulting company founded and headquartered in India, as a high-ranking executive. Gonsalves was terminated from his position in December 2008.

I.  Procedural History

On July 17, 2009, plaintiff filed a lawsuit against Infosys in the Superior Court for the County of Alameda, California, alleging various state law claims of age and religious discrimination, retaliation, and breach of contract. Docket No. 1 (Notice of Removal). Defendant removed the lawsuit to federal court on the basis of diversity of citizenship. *Id.* Plaintiff then amended his complaint to add a federal cause of action for discrimination and retaliation in violation of the Sarbanes-Oxley Act of 2002. Docket No. 4 (First Am. Compl.). Upon motion by Infosys, this court dismissed without prejudice plaintiff's state law FEHA and breach of contract claims under Rule 12(b)(6), but afforded plaintiff leave to amend his complaint. Docket No. 42 (Order on First Mot. to Dismiss and Transfer).

Plaintiff then filed his second amended complaint alleging the following causes of action:

(1) age discrimination in violation of FEHA, Title VII, the Age Discrimination in Employment Act (ADEA), and Ohio Revised Code section 4112, *et seq.*;

(2) religious discrimination in violation of FEHA, Title VII, the ADEA, and Ohio state law;

(3) retaliation in violation of FEHA, Title VII, the ADEA and Ohio state law;

(4) failure to prevent discrimination in violation of FEHA;

(5) wrongful termination in violation of California public policy;

(6) breach of a stock options contract; and

(7) retaliation for reporting fraudulent securities practices in violation of the Sarbanes-Oxley Act

Docket No. 44 (Second Am. Compl.).

In response, defendant renewed its motion to dismiss plaintiff's state law claims and to transfer venue. On May 6, 2010, the court dismissed plaintiff's FEHA and wrongful termination claims without prejudice. Docket No. 63 (Order on Second Mot. to Dismiss and Transfer). The court additionally denied defendant's motion to dismiss plaintiff's sixth cause of action for breach of contract and denied defendant's motion to transfer venue. *Id.* The day after the court issued its order, defendant filed a motion to compel arbitration. *See* Docket No. 70 (Mot. to Compel Arbitration).

2

II.     Arbitration Agreement

As part of plaintiff's employment terms, plaintiff and defendant entered into an agreement to arbitrate all claims and disputes arising out of, relating to, or otherwise resulting from plaintiff's employment with and termination from Infosys. *See* Docket No. 67 (D'Souza Dec.), Exh. A (At-Will Form Contract) at 5. Plaintiff's employment contract provides:

> IN CONSIDERATION OF MY EMPLOYMENT WITH INFOSYS, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES AND MY RECEIPT OF THE COMPENSATION, PAY RAISES AND OTHER BENEFITS PAID TO ME BY INFOSYS AT PRESENT AND IN THE FUTURE, I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE (INCLUDING INFOSYS AND ANY EMPLOYEE, OFFICER, DIRECTOR, SHAREHOLDER OR BENEFIT PLAN OF INFOSYS IN THEIR CAPACITY AS SUCH OR OTHERWISE) ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT WITH INFOSYS OR THE TERMINATION OF MY EMPLOYMENT WITH INFOSYS, INCLUDING ANY BREACH OF THIS AGREEMENT, SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE ARBITRATION RULES SET FORTH IN CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1280 THROUGH 1294.2, INCLUDING SECTION 1283.05 (THE "RULES") AND PURSUANT TO CALIFORNIA LAW. DISPUTES WHICH I AGREE TO ARBITRATE, AND THEREBY AGREE TO WAIVE ANY RIGHT TO A TRIAL BY JURY, INCLUDE ANY STATUTORY CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, THE OLDER WORKERS BENEFIT PROTECTION ACT, THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, THE CALIFORNIA LABOR CODE, CLAIMS OF HARASSMENT, DISCRIMINATION, OR WRONGFUL TERMINATION AND ANY STATUTORY CLAIMS. I FURTHER UNDERSTAND THAT THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT INFOSYS MAY HAVE WITH ME.

*Id.* (emphasis in original).

LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires federal courts to enforce arbitration agreements and to stay any litigation that contravenes such agreements. Arbitration is a matter of contract, and the court cannot require a party to arbitrate a dispute unless the party has agreed to do so. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Accordingly, the court's role under the FAA is limited to (1) determining whether a valid

agreement to arbitrate exists and, if it does, (2) deciding whether the agreement encompasses the dispute at issue. 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999).

Under California law, which pursuant to the terms of the Gonsalves' employment contract governs this dispute, *see* At-Will Form Contract ¶ 12(a), a party can, however, waive its otherwise enforceable right to arbitrate a dispute. *See St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal.4th 1187, 1195 (2003) (citations omitted). Given federal and state policies in favor of arbitration, waiver of the right to arbitrate is disfavored; *id.*; therefore, "any party arguing waiver of arbitration bears a heavy burden of proof," *id.*. The California Supreme Court has held that "no single test delineates the nature of conduct that will constitute a waiver of arbitration." *Id.* (citations omitted). That said, the court has provided some guidance as to what sort of conduct might waive the right to arbitrate: "waiver does not occur by mere participation in litigation; there must be judicial litigation of the merits of arbitrable issues, although waiver could occur prior to a judgment on the merits if prejudice could be demonstrated." *Id.* at 1203 (quoting *Christensen v. Dewor Developments*, 33 Cal. 3d 778, 782 (1983)) (internal quotation marks omitted). Further, the court identified six factors relevant to a court's determination of waiver:

(1) whether the party's actions are inconsistent with the right to arbitrate;

(2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate;

(3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;

(4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;

(5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and

(6) whether the delay affected, misled, or prejudiced the opposing party.

*Id.* at 1196 (quoting *Sobremonte v. Superior Court*, 61 Cal. App. 4th 980, 992 (1998)) (citations and internal quotation marks omitted).

4

## DISCUSSION

Plaintiff argues that defendant "substantially invoked" the "litigation machinery" by filing its second motion to dismiss, which led to the dismissal of several of plaintiff's claims with prejudice. *See id.* (quoting *Sobremonte*, 61 Cal. App. 4th at 992). Plaintiff asserts that such an action constitutes "judicial litigation of the merits of arbitrable issues," requiring the court to find that defendant has waived its right to arbitrate and deny the motion to compel arbitration.

In the instant case, after plaintiff filed his second amended complaint, defendant filed a motion to dismiss under Rule 12(b)(6). Pursuant to that motion, the court dismissed, with prejudice, plaintiff's FEHA and wrongful termination claims for failure to state a claim upon which relief could be granted. Order on Second Mot. to Dismiss and Transfer. The court's dismissal of these claims with prejudice under Rule 12(b)(6) constitutes "judicial litigation of the merits." *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' ") (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678 (1946)); *see also Goddard v. Security Title Ins. & Guarantee Co.* 92 P.2d 804 (1939) (stating that a judgment sustaining a general demurrer may be deemed a judgment on the merits). Moreover, plaintiff's FEHA and wrongful termination claims are clearly "arbitrable issues"—the arbitration agreement specifically mandates that wrongful termination claims and claims under the Fair Employment and Housing Act be arbitrated. *See* At-Will Form Contract at 5. Therefore, in filing a motion to dismiss under Rule 12(b)(6) and securing a dismissal of plaintiff's FEHA and wrongful termination claims with prejudice, defendant has engaged in "judicial litigation of the merits of arbitrable issues" and has waived its right to arbitration.[2]

Infosys contends that a motion to dismiss resulting in the dismissal of some of plaintiffs claims with prejudice is not "judicial litigation of the merits" and does not waive its right to arbitration. However, the cases defendant cites in support of this proposition are unpersuasive. Infosys first cites to *Groom v. Health Net*, 82 Cal. App. 4th 1189, 1198 (2000), where the court found that the defendant's disposing on demurrer of two arbitrable causes of action was not the

5

equivalent of "litigation of the merits." The *Groom* court cites to *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 Cal. App. 3d 946 (1980), for the proposition that the dismissal of claims on demurrer with prejudice does not constitute "litigation of the merits." *Id.* The *McConnell* court, however, reached no such conclusion. In *McConnell*, the court merely stated:

> We want to emphasize that we are not holding that the *filing* of a demurrer or some other motion, in addition to the complaint or answer, is all that is required to find waiver in similar situations. The trial court must still view the litigation as a whole and determine if the parties' conduct is inconsistent with a desire to arbitrate.

*See id.* at 952 n.2 (emphasis added). If anything, *McConnell* should be read to support plaintiff's arguments in favor of waiver. The *McConnell* court strongly condemned permitting a party to litigate "various issues through demurrers, motions for summary judgment, motions for certification of class, or opposition thereto, etc., yet just before trial demand arbitration." *Id*. at 951. " It analogized such conduct to "testing the water before taking the swim. If it's not to your liking you go elsewhere." *Id.* Unlike in *McConnell*, the issue before the court in *Groom* was not whether a party's *filing* of a demurrer resulted in an automatic waiver of arbitration rights, but whether the defendant's filing of the demurrer, coupled with the court's subsequent dismissal of two arbitrable claims, constituted "judicial litigation of the merits. Because *McConnell* did not speak to the factual circumstances at issue in *Groom*, *Groom*'s reliance on *McConnell* is misplaced. Therefore, although the procedural history of the instant case closely mirrors that which occurred in *Groom*, *Groom*'s conclusion that the defendant had not waived its right to arbitrate neither binds nor persuades this court to reach the same result.

*Global Security & Communications, Inc. v. AT&T*, No. 98-3606, 1999 WL 513873 (9th Cir. July 16, 1999), another case cited by Infosys, is likewise unpersuasive. There, the defendant filed a motion to compel arbitration before the court issued an order on a previously-filed motion to dismiss. *Id.* at *1. Consequently, in compelling the parties to arbitrate their dispute, the court found only that the filing of pre-trial motions did not constitute waiver and expressed no opinion as to whether a court's dismissal of a party's claims with prejudice would qualify as "judicial litigation of the merits." *Id.* at *2. The same is true of *Roman v. Superior Court*, 172 Cal. App. 4th 1462 (2009). There, the defendant filed its motion to compel arbitration before the court had an opportunity to

6

consider the previously-filed demurrers and related to discovery issues. *Id.* at 1467.  In sum, none of the cases cited by Infosys persuade the court that a court order issued pursuant to Rule 12(b)(6) dismissing a claim with prejudice is anything other than "judicial litigation of the merits of arbitrable issues."

Defendant also contends that because the parties have not yet started discovery, Infosys' participation in the litigation has not resulted in any strategic advantages to Infosys or any prejudice to plaintiff.  However, as plaintiff has shown that Infosys engaged in "judicial litigation of the merits of arbitrable issues," plaintiff need not demonstrate any additional prejudice.[3]  The very order issued by this court on Infosys' second motion to dismiss held that a number of Gonsalves' claims were dismissed *with prejudice*.  No further showing of prejudice is necessary.  Other evidence of prejudice, related to delay or discovery, is necessary where a plaintiff alleges that waiver occurred prior to a judgment on the merits.  *See St. Agnes*, 31 Cal. 4th at 1203 ("waiver does not occur by mere participation in litigation; there must be 'judicial litigation of the merits of arbitrable issues, *although waiver could occur prior to a judgment on the merits if prejudice could be demonstrated*) (quoting *Christensen*, 33 Cal.3d at 782) (internal quotation marks omitted) (emphasis added).

The court therefore holds that Infosys—by waiting to file its motion to compel arbitration until after it filed two separate motions to dismiss for failure to state a claim which ultimately resulted in dismissal, with prejudice, of Gonsalves' FEHA and wrongful termination claims[4]—waived its right to enforce the arbitration clause in Gonsalves' employment agreement.[5]

CONCLUSION

For the foregoing reasons, defendant Infosys' motion to compel arbitration is DENIED.

IT IS SO ORDERED.

Dated: August 5, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1. As plaintiffs' allegations have been thoroughly described in the court's previous orders, the court does not repeat these allegations here, but only provides the facts relevant to the issue before the court.

2. Plaintiff notes several other instances where Infosys has participated in this litigation, arguing that such participation amounts to a substantial invocation of the litigation machinery. Plaintiff makes specific mention of defendant's participation in oral argument, a first motion to dismiss, and motions for remand and transfer. As stated above, "waiver does not occur by mere participation in litigation; there must be judicial litigation of the merits of arbitrable issues, although waiver could occur prior to a judgment on the merits if prejudice could be demonstrated." *St. Agnes*, 31 Cal. 4th at 1203 (quoting *Christensen.*, 33 Cal. 3d at 782) (internal quotation marks omitted). Defendant's participation in oral argument and its motions for remand and transfer do not constitute "judicial litigation of the merits." Indeed, as to defendant's motions to change the judicial forum, the California Supreme Court has held that "[a] petitioning party does not waive its arbitration rights merely by seeking to change judicial venue of an action prior to requesting arbitration. . . . [A] party is not required to litigate the issue of arbitration in an improper or inconvenient venue." *Id.* at 1205 (citations omitted). Likewise, while the court expresses disapproval of defendant's statement before the court that it "would never try to compel arbitration in California," Docket No. 81 (Opposition) (citing Hearing Tr., December 7, 2009, p.20), plaintiff has not shown how such representations caused him prejudice. The court expresses no opinion as to whether, by failing to file its motion to arbitrate prior to the court's ruling on its first motion to dismiss, Infosys would have waived its right to arbitrate.

3. While the court need not discuss any other prejudice suffered by Gonsalves, it notes that defendant filed its motion to compel arbitration the day after the court issued an order denying its motion to dismiss plaintiffs claim for breach of contract and its motion to transfer venue. The court will not permit defendant to use a motion to compel arbitration as a means of "forum shopping." *See Conwest Res. v. Playtime Novelties*, No. 06-5304, 2007 WL 1288349, at *5-6 (N.D. Cal. May 1, 2007) (Armstrong, J.) (stating that use of arbitration as a method of forum shopping would result in prejudice). "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." *Christensen*, 33 Cal. 3d at 784 (quoting *De Sapio v. Kohlmeyer*, 321 B.E.2d 770, 773 (N.Y. 1974). Nor will the court allow Infosys to seek a redetermination from an arbitrator of issues on which Infosys failed to prevail before this court (such as seeking to dismiss Gonsalves' breach of contract claims for failure to state a claim). *See McConnell*, 105 Cal. App. 3d at 951.

4. Indeed, the court warned defendant at the April 5, 2010 Motion Hearing that it may have waived its arbitration rights. Docket No. 62 (Hearing Transcript) at 18:2-3.

5. In light of the court's finding that Infosys has waived its right to arbitrate, it does not reach the issue of whether the arbitration agreement is valid or enforceable and expresses no opinion on this matter.