**THORMAN HARDIN-LEVINE**

April 13, 2012

Magistrate Judge Joseph Spero
United States District Court
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    **Request for Immediate Status Conference**
                *Frank. A.J. Gonsalves v. Infosys Technologies Limited*
                Case No.: 3:09-cv-04112 EMC (JCS)

Dear Magistrate Judge Spero:

Plaintiff requests an immediate status conference. Defendant Infosys has not produced a single document identified through the agreed electronic search terms. None.

Infosys has refused to say when it will produce these documents or whether it will certify that it has complied with your order. Because Judge Chen's discovery deadline is May 24, 2012, and Mr. Gonsalves is being distinctly prejudiced by the delays, we are forced to request your timely intervention.

Based upon Infosys' promises to this Court, the Court granted Plaintiff's motion "to the extent that I'm going to make the defendants produce the documents, the information they have agreed to produce."[1] In fact, Infosys has not produced the documents it agreed to produce.

- **Electronic Searches.** To date, Infosys has refused to produce a single document on any topic that was discovered through the agreed upon "key word" search terms. Not a single email or document has been produced from this process. Infosys initially refused to schedule a meet and confer, then insisted that every search to which they had agreed was unreasonable. According to Infosys' counsel, it will only produce documents if there are "less than a 100" identified in the search.

    Infosys' arbitrary limit of 100 documents has no support in the Federal Rules. It is especially untenable because Infosys consciously prefers younger workers, and is using its institutional age discrimination to justify its refusal to produce incriminating documents. Infosys' HR Director Mohandas Pai testified in his deposition that he had made preferences for "younger leaders" part of "the formal structure of the organization,

---

[1] Hearing, March 2, 2012. Transcript, p. 3, ll-19-21.

(216) 621-9767 ▪ (216) 621-3422 fax ▪ 1220 West 6th Street, Suite 207 ▪ Cleveland, Ohio  44113 ▪ thllaw.com

meaning Infosys."[2] Because of Infosys' "formal structure" of preferring younger workers, the term 'age' appears in 68,895 documents (Pai, HR Director) and in 16,762 documents (Gurjar, Vice-President for HR) in the HR department. The consideration of "age" in employment decisions is illegal. Infosys cannot intentionally discriminate on the basis of age and then claim that the very fact that its illegal age preferences appear in numerous documents is a basis for *denying* discovery. In fact, Infosys "formal structure" of age discrimination *requires* the production of these documents.

Infosys' purported concern over the number of documents is disingenuous. Infosys has not produced *any* documents despite agreeing to the pertinent search terms. For example, although the search for "Gonsalves" has found only 44 documents in the files of Gonsalves' immediate supervisor BG Srinivas, Infosys refuses to produce any of these documents. Similarly, the same search for "Gonsalves" turns up 179 documents in the files of Infosys CEO Narayana Murthy. Infosys refuses to produce these documents regardless of their quantity.

- **Failure to Make Available The Person Running the Searches or With Knowledge Of Infosys' Document Storage & Retrieval.** Infosys promised to make available to Plaintiff's counsel a person with knowledge of the searches and a person who can testify as to how Infosys stores and retrieves its documents. It has refused to do so. Infosys informed the Court in writing that it would do so, but now will not make the person available.

- **Infosys is withholding documents the Court ordered it to produce with regard to Lev & Schwartz Employee Evaluation Model.** Infosys flatly admits that there are Lev & Schwartz documents which it has **in its possession but which it has still** not produced, and did not produce by March 28 as ordered by this Court. It has not identified the persons who made the decision to use Lev & Schwartz. It claims only that an unidentified committee was involved. Infosys has failed to certify that it has either looked for or produced the related worksheets as it promised to do.

- **Age Preferences.** Infosys "agreed to run the searches outlined . . . above (e.g. age, youth, retire*, etc.) for all the key witnesses, including the CEO and head of HR, which would address Plaintiff's request for additional documents with regard to internal communications concerning age-preferences."[3] The Court ordered Infosys to "produce the documents agreed to by Defendants in the Joint Letter."[4] Infosys has not done so.

---

[2] Deposition of Mohandas Pai, pp. 61-62, ll. 25-07.
[3] Joint Letter, ¶9.
[4] Order, ¶9.

- **Infosys has reneged on agreements and representations to the Court to produce discoverable Emails.** Infosys promised this Court that it would "produce all non-privileged emails from BG Srinivas to Natalie Woodward regarding the December 2008 Reduction In Force. If no such emails are located, Defendant will represent in writing that there are none. Defendant will produce copies of B.G. Srinivas emails to Plaintiff for 2007 and 2008. Defendant will search for the e-mails between B.G. Srinivas and Sudhir Chaturvedi/Sanjay Jalona for 2007 and 2008, and will produce such e-mails, provided the volume of e-mails is not excessive. Defendant has agreed to run the searches outlined in number 8 above (e.g. reorganiz*, reduc*, lay off, RIF, etc.) that would address Plaintiff's request for additional documents." Infosys now refuses to produce these documents on the grounds that the Court did not order Infosys to comply with its promise.

Infosys' tactic is to assert that it will merely consider discovery requests, but will never actually commit to any production. This strategy was discussed with the Court:

> The Court: They have to produce what they are agreeing to look for.
>
> Mr. Thorman: Okay.
>
> The Court: Of course. It doesn't make sense if they agree to search and not produce. We are going to hide this particular ball from you.[5]

Infosys is purposefully delaying the process to the prejudice of plaintiff. Requests for timely meet and confer and telephone calls have been ignored. Defendant has taken advantage of the mechanisms put in place to ensure compliance. Defendant refused to "meet and confer" to discuss searches, delaying any meeting by approximately three weeks. When counsel is finally available, she claims that she does not have authority to enter into an agreement. She claims that she will consider the issues, confer with her client, and eventually respond at a later date, but will not make any firm commitments.

This Court has already ordered Infosys to search for and produce relevant documents in its Order and incorporated by reference Infosys' promises to the Court in its Joint Letter. In light of Judge Chen's discovery deadline, the Court should schedule a status conference at its earliest convenience to resolve this matter.

Sincerely,

Dated: May 1, 2012

*/s/ Christopher P. Thorman*

Christopher P. Thorman

cc: Melinda Riechert, Esq. (Counsel for Defendant)
(Via ECF and Email)

**DENIED** — Judge Joseph C. Spero

---

[5] Hearing, March 2, 2012, Transcript, p. 10-11, ll. 21-01.

3